IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **01-cv-2056-JLK**

**UNITED STATES AVIATION UNDERWRITERS, INC., a New York corporation;**
**PAUL LEADABRAND, an Idaho resident; and**
**JEFLYN AVIATION, INC. dba ACCESS AIR, an Idaho corporation**,

    Plaintiff,

v.

**PILATUS BUSINESS AIRCRAFT, LTD, a Colorado corporation;**
**PILATUS FLUGZEUGWERKE AKTIENGESELLSCHAFT, a Swiss corporation;**
**PILATUS AIRCRAFT, LTD, a Swiss corporation;**
**PRATT & WHITNEY CANADA, INC.; and**
**DOES 1 through 500, Inclusive**,

    Defendants.

**ORDER ON PENDING MOTIONS (DOC. NOS. 55 AND 56)**

Kane, J.

Upon review of Doc. 73, the Pilatus Defendants' Reply in support of Doc. 56, Motion for Summary Judgment, and Doc. 75, Pratt & Whitney's Joinder in that Reply, I find limited additional briefing on this Motion is warranted. Specifically, Plaintiff shall file a surresponse directed to the Pilatus Defendants' arguments in Sections E - H of their Reply (Doc. 73) regarding the proper role and application of "consumer expectation" and "risk-benefit" tests to design defect versus manufacturing defect cases as well as to Section I related to Defendants' *Daubert* challenge to the expert opinions of David Rupert regarding any defect in the design and/or manufacture of the engine/engine turbo

blade at issue.  I may set a *Daubert* hearing thereafter so that the admissibility of Mr. Rupert's opinions may be fully vetted before my ruling on the pending Motions.

This Order should not be construed as evincing any predisposition one way or the other on the reliability of Mr. Rupert's opinions or the methodology employed in reaching them, as none exists.

I also order a surresponse from Plaintiffs directed to the Pilatus Defendants' Reply in support of their Motion for Partial Summary Judgment Re Negligence as a Matter of Law (Doc. 55) and Pratt & Whitney's Joinder in that Reply.  In particular, Plaintiffs should address Defendants' challenge to their contention that the nature of the flight at issue – i.e., whether it was conducted under Part 91 or Part 135 of the Federal Aviation Regulations – is a question of fact, not law.  In particular, I am interested in any argument or authority that counters Defendants' contention that Part 135 applies as a matter of law to carriers of passengers for compensation or hire irrespective of those entities' status as common, or non-common/private, carriers.

Plaintiffs' Surresponses are due on or before May 31, 2006.


Dated  May 16, 2005.                                **s/John L. Kane**
                                                    SENIOR U.S. DISTRICT JUDGE