IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **01-cv-02056-JLK**

**UNITED STATES AVIATION UNDERWRITERS, INC., a New York corporation;
PAUL LEADABRAND, an Idaho resident; and JEFLYN AVIATION, INC. dba
ACCESS AIR, an Idaho corporation**,

       Plaintiff,

v.

**PILATUS BUSINESS AIRCRAFT, LTD, a Colorado corporation;
PILATUS FLUGZEUGWERKE AKTIENGESELLSCHAFT, a Swiss corporation;
PILATUS AIRCRAFT, LTD, a Swiss corporation;
PRATT & WHITNEY CANADA, INC.; and
DOES 1 through 500, Inclusive**,

       Defendants.

_____

ORDER
_____

KANE, J.

This aviation products liability action is set for a two-week jury trial commencing June 11, 2007. To date, there are twelve pending pretrial motions in limine, motions regarding applicable law, and motions seeking to exclude expert testimony under F.R.E. 702 and the Supreme Court's *Daubert/Kumho Tire* cases. These motions are all fully briefed. After reviewing the motions and the parties' submissions in support and in opposition, together with applicable law, I issue the following rulings:

1.     (Docs. 103, 104, 105) *Daubert/Kumho Tire* Motions seeking exclusion of Edwards, Smith & Scanlan, and Scanlan expert testimony under FRE 702.

While formal ruling will await the issuance of a separate written order, the parties may rely on the fact that, upon careful consideration of the issues raised under the applicable law, each of these Motions will be DENIED on its merits.  I will issue my written order(s) on these Motions on the briefs.  I have determined that no separate *Daubert* hearing is necessary, nor was one requested.

2.  (Doc. 112) Motion in Limine by Pilatus Defendants re Smith State of Mind Testimony.

The Pilatus Defendants' request for an order in limine excluding pilot Smith from testifying at trial – as he did in his deposition – that he shut down the engine and aborted the restart because he feared the engine would become dislodged from the aircraft or because there could have been an engine fire is DENIED.

3.  (Doc. 114) Pratt & Whitney Canada's Motion for Application of Admiralty Law.

Having reviewed the Motion, and in the absence of any compelling reason legal or factual to reconsider my previous rejection of Defendants' assertion that admiralty law can and must govern the legal standards in this case, the invitation that I change the applicable law mere weeks before the jury trial in this case is set to commence is declined.  This case provides no basis for invoking admiralty jurisdiction other than a crash landing in water.  The trip was an around-the-world promotional excursion from Boise, Idaho to Japan for a small group of Japanese individuals.  There was no relationship, "substantial" or otherwise, to "traditional maritime activity" as necessary for application of admiralty law.  The Motion for Application of Admiralty Law is DENIED.

4. <u>(Doc. 115) Pratt & Whitney Canada's Motion in Limine to Exclude Evidence of Citation for Valor Granted to Mike Smith</u>.

Pratt & Whitney's request for an order excluding under FRE 402 and 403 evidence of or related to the Citation for Valor given to pilot Mike Smith by the Secretary of the Interior is GRANTED. Any probative value in the Secretary's citation of Smith for his actions in helping rescue himself and his passengers after the water landing at issue in this case is outweighed by the potential prejudice to Defendants in the jury viewing the citation as evidence Smith caused or did not cause the in-flight emergency.

Dated this 2nd day of April, 2007, at Denver, Colorado.

          **s/John L. Kane**
          SENIOR U.S. DISTRICT JUDGE