IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **01-cv-02056-JLK**

**UNITED STATES AVIATION UNDERWRITERS, INC., a New York corporation;
PAUL LEADABRAND, an Idaho resident; and JEFLYN AVIATION, INC. dba
ACCESS AIR, an Idaho corporation**,

       Plaintiff,

v.

**PILATUS BUSINESS AIRCRAFT, LTD, a Colorado corporation;
PILATUS FLUGZEUGWERKE AKTIENGESELLSCHAFT, a Swiss corporation;
PILATUS AIRCRAFT, LTD, a Swiss corporation;
PRATT & WHITNEY CANADA, INC.; and
DOES 1 through 500, Inclusive**,

       Defendants.

_____

ORDER ON REMAINING MOTIONS IN LIMINE
_____

KANE, J.

      This aviation products liability action is set for a two-week jury trial commencing June 11, 2007. This Order relates to four of the five remaining pending motions in limine. The Motions in Limine filed as Docs. 107, 108, 110 and 113 are DENIED. While I do not rule definitively at this moment on the Pilatus Defendants' Motion (Doc. 111) seeking an order "in limine" declaring that the individually-named Pilatus entities will be treated "as one for all purposes" and will be "referr[ed] [to] collectively as 'Pilatus'," I intend to grant the Motion at the May 30 Final Trial Preparation Conference

*unless* Plaintiffs can assure me of their intent (1) to present evidence demonstrating fault on the part of Pilatus Colorado that is separate or distinct from the fault of Pilatus Switzerland, or (2) otherwise convince me that maintaining a distinction between Pilatus Switzerland and Pilatus Colorado is necessary to the findings the jury will be asked to make.

After reviewing these motions and the parties' submissions in support and in opposition, together with applicable law, I issue the following rulings:

1. <u>(Doc. 107) Plaintiffs' Motion in Limine re Exclusion of Inadmissible Evidence of Alleged Violations of Federal Aviation Regulations without Proof that Defendants are Within the Class of Persons Protected by Those Regulations.</u>

In this Motion, Plaintiffs seek an order in limine preventing Defendants from moving forward on their affirmative defense that Access Air and/or the pilot Mike Smith were also at fault for the loss of the subject aircraft because they violated certain Federal Aviation Regulations (FARs). Plaintiffs contend Defendants cannot avail themselves of the defense that Access Air or Smith flew in violation of safety regulations because Defendants cannot establish they "are within the particular class of persons the FARs were designed to protect." Mot. (Doc. 107) at 2. Plaintiffs' assertion is utterly misplaced and their arguments unpersuasive. For all the reasons set forth in Defendants' Response, not the least of which is the Colorado Supreme Court's decision in *Reed v. Barlow*, 386 P.2d 979 (Colo. 1963), I DENY the Motion.

2. <u>(Doc. 108) Plaintiffs' Motion in Limine to Exclude Evidence of FAR Violations Without Proof of Causation.</u>

2

In a related Motion, Plaintiffs seek the exclusion of any evidence suggesting that Access Air or pilot Smith violated federal regulations in undertaking the fated flight on grounds that Defendants are without proof and can come forward with no evidence suggesting such violations caused the loss of the aircraft.  The causation issue is hotly disputed by Defendants and I find the matter unamenable to resolution in limine. Plaintiffs may re-raise the issue, if appropriate, under Rule 50 at the close of Defendants' case.  The Motion (Doc. 108) is DENIED.

3.  (Doc. 110) Pilatus Defendants' Motion in Limine re Compliance with FAA Design Regulations.

In this Motion, the Pilatus Defendants seek a jury instruction stating that the subject airplane and Pilot Operating Handbook "complied with all applicable Federal Aviation Regulations (FARs)."  The request is clearly for application of Colo. Rev. Stat. § 13-21-403, which provides for a rebuttable presumption that a product is non-defective if, at the time of sale by the manufacturer, it complied with "any applicable code, standard, or [federal] regulation."  Colo. Rev. Stat. § 13-21-403(1)(b).  *See* Order on Motions for Partial Summ. J. (Doc. 88) at 14 *ff*.

Specifically, Defendants argue that the issuance of an Airworthiness Certificate compels a presumption that "the FAA made findings of fact that it complied with the applicable FARs," Mot. in Limine at p. 2, and that this presumption, in turn, supports a rebuttable presumption under § 13-21-403(1)(b) that the engine and aircraft were non-defective.  *Id.*  As I have already determined, "Defendants' suggestion that FAA

certification affords all aircraft and aircraft component part manufacturers a presumption of nonliability for defects that may only later manifest themselves is facile." Order (Doc. 88) at 15 (rejecting invocation of statutory presumption to shift the risk of loss from latent defects or defects that may reveal themselves only over a period of time or through foreseeable usage runs contrary to products liability law and the public policy choices it embodies). Defendants assurance that their argument is merely for a rebuttable presumption, not a conclusive determination, is unavailing because it also achieves no benefit to the trial process or presentation of evidence. As Plaintiffs, USAU, Leadabrand and Access Air have the burden of proof with respect to the existence of defect in any event. Whether that results from the application of the rebuttable presumption sought or simply by operation of the burden of proof is immaterial. *See* Order (Doc. 88) at 17-18.

The Motion in Limine seeking a declaration of a presumption of non-defectiveness is DENIED.

4. (Doc. 113) Pilatus Defendants' Motion in Limine re in Flight Shutdown (IFSD) Evidence.

In this Motion, the Pilatus Defendants seek the exclusion of evidence and arguments regarding an allegedly high "in-flight shut down" (IFSD) rate for Pratt & Whitney engines like the one at issue in this case. While the conclusions Plaintiffs draw from the evidence they have in this regard is, as I have previously intimated, somewhat hyperbolic (*see* Order (Doc. 88) at 3 (noting the failure "rate" at 21 per million)) the weaknesses of Plaintiffs' evidence goes to the weight it should be accorded, and not its

admissibility.  Accordingly, I DENY Defendants' Motion in Limine, but will entertain whatever appropriate objections are raised during the normal course of trial as to the admissibility of such evidence under the specific circumstances presented.

Based on the foregoing, the Motions in Limine set forth in Documents 107, 108, 110, and 113 are DENIED.  The Motion in Limine re Consolidation of Pilatus Defendants (Doc. 111) will be heard at next Wednesday's Final Trial Preparation Conference.

Dated May 21, 2007.

                                               **s/John L. Kane**
                                               SENIOR U.S. DISTRICT JUDGE