IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **01-K-2056**

**UNITED STATES AVIATION UNDERWRITERS, INC., a New York corporation; PAUL LEADABRAND, an Idaho resident; and JEFLYN AVIATION, INC. dba ACCESS AIR, an Idaho corporation**,

       Plaintiff,

v.

**PILATUS BUSINESS AIRCRAFT, LTD, a Colorado corporation; PILATUS FLUGZEUGWERKE AKTIENGESELLSCHAFT, a Swiss corporation, PILATUS AIRCRAFT, LTD, a Swiss corporation; PRATT & WHITNEY CANADA, INC., and DOES 1 through 500, Inclusive**,

       Defendants.

_____

ORDER
_____

KANE, J.

This remanded defective airplane engine products liability case is before me on several renewed case-dispositive Motions filed by Defendants. The Motions follow the Tenth Circuit's opinion and order vacating the jury's verdict in the original trial based on a determination that it was error to have refused to instruct the jury on Idaho's comparative fault statute,[1] and remanding the case for consideration of whether that error

---

[1] *United States Aviation Underwriters, Inc. v. Pilatus Business Aircraft Ltd.*, 582 F.3d 1131 (10th Cir. 2009). Specifically, the Tenth Circuit affirmed the rejection of Defendants' argument that admiralty, rather than Colorado, law governed Plaintiffs' claims but finding that Idaho had a more significant relationship with the case than Colorado, held it was error to have refused to apply Idaho's, rather than Colorado's,

compelled entry of judgment in favor of Defendants[2] or a new trial. I determined a new trial was required, and these Motions ensued.

*Defendants' renewed Motions for Summary Judgment Invoking Economic Loss Rule (Docs. 312, 316).*

I decline to revisit, for a third time now, Defendants' arguments premised on the economic loss rule. Defendants pursued this defense strenuously in the proceedings leading up to trial, addressing the choice of law issue repeatedly and never once invoking Idaho law. I wrote a lengthy published decision on Defendants' original Motion for Summary Judgment, which was premised solely on Colorado and admiralty law, in February 2005 (Doc. 48), concluding Colorado's economic loss rule did not bar Plaintiffs' product liability and negligence claims or limit them to their warranty remedies in contract and holding Defendants' alternative choice of admiralty law compelled no different conclusion. *See U.S. Aviation Underwriters, Inc. v. Pilatus Business Aircraft, Ltd.*, 358 F. Supp.2d 1021 (D. Colo. 2005)(*Pilatus I*).

After discovery concluded, Defendants moved for reconsideration of my February 2005 decision (Doc. 60) specifically on the choice of law issue. Defendants asserted the

---

comparative fault statute. The Tenth Circuit specifically rejected Defendants' assertion that it was error to analyze their economic loss rule defense under Colorado and admiralty law rather than Idaho law, finding Defendants had only pursued that defense under Colorado and admiralty law and had not preserved the issue for appeal. *Id.* at 1142-43.

[2] The jury in the original trial found Defendants 49% at fault for the aircraft's engine failure and pilot Frank Smith 51% at fault. Idaho's comparative fault statute, Idaho Code Ann. § 6-1404, prohibits recovery if a plaintiff is deemed 50% or more at fault. Colorado's statute, by contrast, has no such prohibition. C.R.S § 13-21-406(1). *See USAU*, 582 F.3d at 1137-38.

2

facts had clearly demonstrated this was a maritime case to which admiralty law, and only admiralty law, applied. *See* Br. in Support of Mot. Reconsideration (Doc. 61), pp. 4-8; Reply (Doc. 72), pp. 2-6. Citing *East River Steamship Corp. v. Transamerica Deleval, Inc.*, 476 U.S. 858, 870 (1986), Defendants urged me to reconsider my application of Colorado's economic loss rule and to conclude that "Plaintiff USAU's tort claims are barred by the economic loss rule in admiralty." Reply at 6. Having addressed *East River* in my 2005 decision rejecting Defendants' arguments thereunder, I denied the Motion for Reconsideration on December 5, 2006. (Doc. 78).

In over 60 pages of briefing on their original Motion and Motion for Reconsideration, Defendants never mentioned Idaho's economic loss rule or urged its application. Nor did they meaningfully raise Idaho's economic loss rule at any time before their appeal to the Tenth Circuit: not in the Pretrial Order; not in pre-trial Motions in Limine; not in their proposed jury instructions; and not in any Rule 50 Motions during or after trial. Defendants did not challenge or move to certify either order for interlocutory appeal. Instead, Defendants went all in on their admiralty law defenses, urging me repeatedly to revisit the issue and rule admiralty law constituted the sole and exclusive source of applicable law in this case:

- In the final Pretrial Order (Doc. 98), dated November 22, 2006, Defendants asserted "Admiralty and General Maritime Law apply to all claims in this case."
- On January 5, 2005, Pratt & Whitney, joined by Pilatus, moved in limine for a ruling that admiralty law governed Plaintiffs' claims in this case. Mot. for

3

Application of Admiralty Law (Doc. 114). That same day, Defendants moved in limine for the application of Idaho's comparative fault statute rather than Colorado's, but said nothing about their economic loss rule defense or the specter that Idaho law should inform any further or alternative consideration of it. *See* Mot. re Idaho Law (Doc. 109).[3] On that issue, Defendants were unequivocal in their assertion that admiralty law, and only admiralty law, applied. I denied the Motion for Application of Admiralty Law by written Order dated April 2, 2007 (Doc. 149). I denied the Motion in Limine on Idaho's comparative fault statute on April 9, 2007 (Doc. 150).[4]

- On April 13, 2007, six weeks before trial, Defendant Pratt & Whitney moved to amend Docs. 149 and 78, and to certify for interlocutory appeal the question of whether admiralty law applied and barred Plaintiffs' claims. *See* Def.'s Mot. Amend Order Pursuant to 28 U.S.C. § 1292(b) (Doc. 151). Pilatus joined in the Motion (Doc. 153) and together Defendants reiterated their position that admiralty

---

[3] The Tenth Circuit, in its opinion and order, specifically referenced Doc. 109 in ruling that Defendants had sufficiently raised the question of Idaho's comparative fault statute to preserve the issue for appeal. 582 F.3d at 1143-44. In contrast, the Court found Defendants "had never asked the district court for a ruling on whether Idaho's economic loss rule applied," and determined that issue had not been preserved for appellate review. *Id.* at 1142.

[4] I denied the Motion because I found it self-serving and untimely given the June 2007 trial date and Defendants' failure, in the preceding six years of pretrial proceedings, to raise the issue. *See* Minute Order (Doc. 150). It was this Minute Order and rationale that the Tenth Circuit rejected on appeal, finding that while Defendants had not preserved the Idaho law question with regard to the economic loss rule, they had preserved it with regard to the comparative fault statute and held Idaho, rather than Colorado, law applied on that issue. 582 F.3d at 1143-46.

law applied to Plaintiff's claims and barred any recovery under admiralty's economic loss rule. Again, Defendants did made no mention of Idaho's economic loss rule and did not urge its application, in the alternative or otherwise. I denied the Motion to Amend and for § 1292(b) certification on May 2, 2007 (Doc. 157).

- Trial commenced on June 11, 2007. Defendants moved for judgment as a matter of law under Rule 50 both at the conclusion of Plaintiffs' case, *see* Minutes (Doc. 198) and Tr. of Day 4 of Trial (Doc. 230) at 429-31, and after the jury's verdict. *See* Mot. Jm. as Matter of Law or for New Trial (Doc. 214). Counsel said nothing in either motion about Idaho's economic loss rule.

Only now that the Tenth Circuit put the kabosh on Defendants' admiralty jurisdiction defense but also condoned their eleventh-hour switch from Colorado's comparative fault statute to Idaho's have Defendants seized the opportunity to revisit their economic loss rule defense a third time. While the Tenth Circuit indeed left open the question of whether Defendants could seek to do so on remand, it is my determination they cannot. Defendants could have moved for an application of Idaho's economic loss rule myriad times in the six years of pretrial proceedings leading up to trial, but failed to do so. They mentioned Idaho's economic loss rule only "fleeting[ly]" in the Pretrial Order and insufficiently, according to the Tenth Circuit, to preserve the issue for appellate review. Because they did ask to apply Idaho's comparative fault statute over Colorado's, I find their choice to forego arguing that Idaho law applied to their economic loss rule defense was knowing and voluntary. Defendants have waived any argument that

5

Plaintiffs' claims are barred by Idaho's economic loss rule, and I deny the request, implicit in their renewed Motions for Summary Judgment, to raise the issue on remand.

I view the request as akin to a motion to amend the Pretrial Order. A pretrial order is the result of a process in which counsel define the issues of fact and law to be decided at trial, and it binds counsel to that definition. *See R.K, Clark Drilling Contractors, Inc. v. Schramm, Inc.*, 835 F.2d 1306, 1308 (10th Cir. 1987). Defendants are bound by their repeated and knowing presentations of their economic loss arguments solely and exclusively in terms of Colorado and admiralty law and by the Pretrial Order (Doc. 98), which was the result of a process that failed to raise the question of the applicability of Idaho's economic loss rule in a meaningful way. The Tenth Circuit's determination in the context of Defendants' comparative fault arguments that Idaho had a more substantial relationship to the case than Colorado does not alter this analysis. Defendants pursued their economic loss rule arguments solely and exclusively under Colorado and admiralty law, failed to raise Idaho's rule when they could have, and did not raise or preserve the issue in the Pretrial Order. The argument is waived.

*Even were* I to consider the renewed Motions for Summary Judgment on their merits, moreover, I would deny them for substantially the same reasons articulated in my *Pilatus I*. A careful reading of the Idaho Supreme Court's recent application and clarification of its economic loss rule in *Aardema v. U.S. Dairy Sys., Inc.*, 215 P.3d 505 (Id. 2009), suggests the rule properly applied in Idaho would not preclude USAU's product liability claims on remand or otherwise limit USAU to the contractual remedies

to which Defendants submitted in their warranties.

Under Idaho law, intentional acts leading to the destruction or loss of property give rise to a cause of action in tort. *Aardema* at 511 (citing *Oppenheimer Indus., Inc. v. Johnson Cattle Co., Inc.*, 732 P.2d 661, 664 (Id. 1986)). Until clarified in *Aardema*, Idaho law defined the distinction between property loss recoverable in tort and economic loss recoverable only in contract as follows: "'Property damage encompasses damage to property other than that which is the *subject of the transaction*.'" *Aardema* at 511 (quoting *Ramerth v. Hart,* 983 P.2d 858, 850 (Id. 1999)(finding that repair of an engine was the subject of the transaction if the allegedly negligent repair subsequently causes need for further repair to the engine)(emphasis original)). The word "'transaction,'" for purposes of the economic loss rule, was further defined to mean not a "'business deal,'" but "'the subject of the lawsuit.'" *Id.* (quoting *Blahd v. Richard B. Smith, Inc.*, 108 P.3d 996, 1000 (Id. 2005)).

Because the aircraft at issue is the subject of the parties' "transaction" and the instant "lawsuit," Defendants rely on *Blahd* and other pre-*Aardema* cases to conclude the airplane's loss is not property damage recoverable in tort under Idaho law. As the Idaho Supreme Court explained in *Aardema*, this reading of "subject of the transaction" sweeps too broadly:

> If the subject of the transaction is defined as the subject of the lawsuit essentially every claim would be barred by the economic loss rule. Instead we read this overbroad language from *Blahd* to mean that the *underlying contract* that is the subject of the lawsuit is the subject of the transaction.

7

*Aardema* at 511, n. 2. Here, the "contract" or contractual relationship on which Pilatus and Pratt & Whitney's based their economic loss rule argument are the stand-alone warranties that ran from Pilatus/Pratt & Whitney to the aircraft's lessor, DJS. *See Pilatus I*, 358 F. Supp.2d at 1024-25. The warranties included broad, generic disclaimers of tort liability based on the sale, use or manufacture of the aircraft or engine, and Defendants argued USAU's recovery must be limited to those warranties. *Id.* In rejecting this argument, I applied *Town of Alma v. Azco Constr., Inc.*, 10 P.3d 1246 (Colo. 2000), *East River* and *Hiigel v. General Motors Corp.*, 544 P.2d 983 (Colo. 1975) to conclude Access Air's loss was not "'purely' economic in this case or solely the result of the engine or other component parts' failure to live up to their bargained-for levels of workmanship or performance." *Pilatus I* at 1025. Instead, I determined Section 402A of the Restatement (Second) of Torts gives rise to duties "independent of those manufacturers may bargain to assume or disclaim in a warranty," and "[w]here a plaintiff's loss exceeds the limits of [contractual] expectancies, or is the result of a breach of duties arising independently of the contract," the economic loss rule does not apply. *Id.* at 1026. Idaho law, under *Aardema*, conforms to this analysis.

"A tort requires the wrongful invasion of an interest protected by the law, not merely an invasion of an interest created by the agreement of the parties." *Aardema* at 510. However, a "manufacturer bears the risk that his product will cause physical injury to the consumer." *Id.* (citing *Clark v. Int'l Harvester Co.*, 581 P.2d 784, 792 (Id. 1978) and *Seely v. White Motor Co*, 403 P.2d 145, 151 (Cal. 1965)). The distinguishing factor

8

is whether a plaintiff's loss is merely the product's failure to meet the plaintiff's bargained-for expectations, or a "'calamitous event or dangerous failure of the product'" for which liability in tort will lie. *Id.* (citing cases and quoting from *Myers v. A.O. Smith Harvestore*, 757 P.2d 695, 699 (Id. 1988)).

> *In a products liability action, the party who bears the risk of loss generally determines whether recovery can be found in tort, contract or warranty.*

*Aardema*, 215 P.3d at 510 (citing *Clark* and *Seely*)(emphasis mine). "'There can be no doubt,'" moreover, "'that the seller's liability for negligence covers any kind of physical harm, including not only personal injuries, *but also property damage to the defective chattel itself*.'" *Id.* (quoting *Clark*, 581 P.2d at 791 (providing, as an example, "where an automobile is wrecked by reason of its own bad brakes . . .'")(again, emphasis mine)).

Based on the foregoing analysis and assuming, for the sake of argument, that Defendants had not waived the choice of law question, Defendants' renewed Motions for Summary Judgment under Idaho's economic loss rule are unpersuasive and I reject them.

*Remaining Motions in Limine*.

In addition to the renewed Motions for Summary Judgment, Defendants have renewed various Motions in Limine, including Motion to Exclude the Expert Testimony of David Rupert (Doc. 313); Motion to Exclude Evidence Regarding the Lack of an FAA Enforcement Action (Doc. 314); and Motion to Exclude Service Bulletin 14369 (Doc. 315). They have also filed a new Motion in Limine to exclude changes that have been made to the Pilot's Operating Handbook (Doc. 317). I will hear these Motions at the

9

Final Trial Preparation Conference currently set for July 16, 2010, and will reserve ruling on them until then.

For the above-stated reasons, Defendants' renewed Motions for Summary Judgment re Idaho Economic Loss Rule (Docs. 312 and 316) are DENIED. Defendants have waived the choice-of-law argument raised and in the alternative, the Motions are DENIED on their merits under Idaho law.

Dated May 17, 2010.

*s/John L. Kane*
SENIOR U.S. DISTRICT JUDGE