IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 01-cv-02056-RPM

UNITED STATES AVIATION UNDERWRITERS, INC.,
PAUL LEADABRAND, and
JEFLYN AVIATION, INC., d/b/a ACCESS AIR,

    Plaintiffs,

v.

PILATUS BUSINESS AIRCRAFT, LTD,
PILATUS FLUGZEUGWERKE AKTIENGESELLSCHAFT,
PILATUS AIRCRAFT, LTD.,
PRATT & WHITNEY CANADA, INC.,

    Defendants.

---

## AGENDA ITEMS FOR TRIAL PREPARATION CONFERENCE

---

Upon review of the Clerk's file and portions of the transcript of the trial held in June, 2007, the following items will be considered at the trial preparation conference to be held on Tuesday, July 13, 2010, at 10:00 a.m. in this Court's conference room on the second floor of the Byron White Courthouse, 1823 Stout Street, Denver, Colorado.

1. Parties. The claim in this case is for product liability under Idaho law for the amount paid by United States Underwriters, Inc., for the loss of an insured aircraft. The insurance company as subrogee of the owner appears to be the only plaintiff. The claim of Paul Leadabrand for personal property appears to be for a stipulated loss and would follow the insurer's claim.

2. The motion to exclude the opinion testimony of David Rupert has been considered after review of the transcript of his trial testimony in June, 2007. Assuming that the opinions to be expressed are the same as the trial testimony, the motion will be denied.

3. The other motions in limine by the defendants will be discussed.

4. Will the jury be informed of the earlier trial but not the verdict?

5. Editing of videotape testimony.

6. Use of depositions and prior trial testimony.

7. Differences in trial practice procedures from those of Judge Kane.

    a. Voir Dire

    b. No written instructions before final instructions, after closing arguments. Jury does not receive copies of final instructions.

    c. No jury notebooks or note taking.

    d. No jury questions.

8. Time for submitting proposed instructions on substantive law and verdict forms. A copy of this Court's routine instructions is attached.

9. Any issues or questions raised by counsel.

DATED: July 7, 2010

                BY THE COURT:

                _____
                Richard P. Matsch, Senior District Judge

Members of the jury:

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the court as to law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law. Regardless of any opinion you may have as to what the law is, or what the law ought to be, it would be a violation of your sworn duty to apply any view of the law other than that contained in these instructions, just as it would be a violation of your sworn duty as judges of the facts, to base a verdict upon anything but the evidence in the case.

Justice through trial by jury depends upon each juror's commitment to seek the truth as to the facts, based upon the evidence presented and to arrive at a verdict by applying the rules of law given in these instructions to the facts as you find them.

Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the court in these instructions, you are of course to be governed by the court's instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to anyone.

The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Please listen carefully to these instructions. You will not receive a copy of them and you must rely on your recollection of what is said in the instructions just as you will rely on your memory of the testimony you heard at this trial.

The party asserting a claim or affirmative defense has the burden of proving the essential elements of the claim of affirmative defense by a preponderance of the evidence. To "prove by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proven is more likely true than not true. This rule does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence -- proof of facts or circumstances that point to the existence or non-existence of other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from all the evidence.

Any finding of fact you make must be based on probabilities, not possibilities. You should not guess or speculate about a fact.

It is your duty to determine the facts, and in so doing, you must consider only the evidence I have admitted in the case. Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proven.

Unless you are otherwise instructed, the term "evidence" includes the sworn testimony of the witnesses, regardless of who may have called them; all the exhibits admitted in the record, regardless of who may have produced them; and the facts which have been agreed to or stipulated.

Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.

Although you should consider only the evidence in the case, you are permitted to draw such reasonable inferences that you feel are justified in the light of your experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts established by the evidence

in the case. You bring with you to this courtroom all of the experiences of your lives. In your everyday affairs you determine for yourselves the reliability of statements made to you by others. The same tests that you use in your everyday dealings are the tests that you should apply in your deliberation.

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while on the stand. Consider the witness' ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

6

You may, in short, accept or reject the testimony of any witness in whole or in part.

The testimony of a witness may be discredited, or, as we sometimes say, impeached by showing that he or she previously made statements which are different from or inconsistent with his or her testimony here in court. Earlier inconsistent or contradictory statements not made under oath are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during the trial. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has made prior inconsistent or contradictory statements. If you believe that any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If the prior statements were made as testimony under oath, as in a deposition, or in an earlier court appearance, you may consider those statements as if they were made at this trial and rely on them as much, or as little, as you think proper.

If any witness is shown to have testified falsely concerning any material matter, you have the right to distrust such witness' testimony in other particulars and you may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

You are not to decide any issue of fact based solely upon the number of witnesses that present testimony directed to that issue. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witnesses, and which evidence, you believe are most accurate and

7

trustworthy.

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

In this case I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

During the trial of this case, certain testimony has been read to you by way of deposition, consisting of testimony taken under oath before trial and preserved in writing. You have also heard testimony by videotape. Such testimony is entitled to the same consideration, and is to be judged as to credibility, weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness were present and had testified from the witness stand.

Upon retiring to the jury room, you will select one of your number to act as the presiding juror. The presiding juror will preside over your deliberations, and will speak for you here in court.

Forms of verdict has been prepared for your convenience. You will take these forms to the jury room. You must carefully follow the instructions that are included in the verdict form. You will note that each question calls for an answer. The answer to each question must be the unanimous answer of the jury. The presiding juror will write the unanimous answer of the jury in the space provided opposite each question. The presiding juror will then date and sign the verdict form and return with it to the courtroom.

It is your sworn duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is incorrect. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

If it becomes necessary during your deliberations to communicate with the court, you may send a note by the court security officer, signed by the presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the court security officer that he, too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person -- not even to the court -- how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.